1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                   **CENTRAL DISTRICT OF CALIFORNIA**

10

11   ROBERT G. BROWN,                    )      NO. ED CV 14-101-E
                                         )
12                  Plaintiff,           )
                                         )
13        v.                             )      **MEMORANDUM OPINION**
                                         )
14   CAROLYN W. COLVIN, ACTING           )      **AND ORDER OF REMAND**
     COMMISSIONER OF SOCIAL SECURITY,    )
15                                       )
                    Defendant.           )
16                                       )
     _____)
17

18        Pursuant to sentence four of 42 U.S.C. section 405(g), IT IS

19   HEREBY ORDERED that Plaintiff's and Defendant's motions for summary

20   judgment are denied and this matter is remanded for further

21   administrative action consistent with this Opinion.

22

23                           **PROCEEDINGS**

24

25        Plaintiff filed a complaint on January 15, 2014, seeking review

26   of the Commissioner's denial of disability benefits.  The parties

27   filed a consent to proceed before a United States Magistrate Judge on

28   March 1, 2014.  Plaintiff filed a motion for summary judgment on

August 1, 2014.  Defendant filed a motion for summary judgment on
October 2, 2014.  The Court has taken the motions under submission
without oral argument.  See L.R. 7-15; Order, filed January 27, 2014.

**BACKGROUND AND SUMMARY OF ADMINISTRATIVE DECISION**

Plaintiff, a former fire alarm installer, asserts disability
since July 17, 2009, based primarily on alleged ankylosing
spondylitis[1] (Administrative Record ("A.R.") 38, 54, 124-25, 145-46).
Plaintiff testified, "I have chronic pain throughout my back; lower
back and upper back pain; my neck" (A.R. 40).  Plaintiff claimed he
could move his neck only a few degrees and also claimed his back is
severely restricted in its range of motion (A.R. 40-41).  Plaintiff
reportedly is unable to use his hands to perform tasks for any length
of time (A.R. 43).  Plaintiff reportedly is often fatigued, must lie
down during the day, and is "constantly out of breath" (A.R. 45-47).
Plaintiff allegedly suffers these disabling symptoms despite having
received medical treatments including injections with Humira,
injections with steroids, injections with Toradol, and the use of
prescription muscle relaxants and narcotic pain medication such as
Vicodin (A.R. 161, 257-58, 297, 300, 304, 347).

---

[1]    Ankylosing spondylitis is "a progressive, degenerative
disease of the spine and joints which destroys cartilage and
causes bones to fuse together." Liebig-Grigsby v. United States,
2003 WL 1090272, at *11 (N.D. Ill. 2003); see also Campbell v.
Astrue, 2011 WL 90312, at *3 n.10 (E.D. Cal. Jan. 7, 2011)
("Ankylosing spondylitis is a long-term disease that causes
inflammation of the joints between the spinal bones, and the
joints between the spine and pelvis.  It eventually causes the
affected spinal bones to join together") (citations and
quotations omitted).

1    An Administrative Law Judge ("ALJ") found Plaintiff has severe
2    "ankylosing spondylosis" which renders Plaintiff "unable to perform
3    any past relevant work" (A.R. 13, 17).   The ALJ also found, however,
4    that Plaintiff retains the residual functional capacity to perform
5    certain medium work, including the jobs of "kitchen helper" and
6    "assembler" (A.R. 15-19).

7

8    In deeming Plaintiff not disabled, the ALJ determined that
9    Plaintiff's testimony regarding his pain and functional limitations
10   was less than fully credible (A.R. 16-17).   The ALJ stated only two
11   reasons for this credibility determination.   According to the ALJ,
12   (1) Plaintiff's allegations of pain severity and functional
13   limitations "are greater than expected in light of the objective
14   [medical] evidence of record" (A.R. 17); and (2) "Although the
15   claimant has received treatment for the allegedly disabling
16   impairment, that treatment has been essentially routine and/or
17   conservative in nature.   There is no record of hospital admission or
18   undergone [sic] aggressive treatment such as surgery for his back and
19   neck pain.   The lack of more aggressive treatment or surgical
20   intervention suggests the claimant's symptoms and limitations were not
21   as severe as he alleged" (A.R. 16-17).   The Appeals Council denied
22   review (A.R. 1-3).

23

24                          **STANDARD OF REVIEW**

25

26   Under 42 U.S.C. section 405(g), this Court reviews the
27   Administration's decision to determine if: (1) the Administration's
28   findings are supported by substantial evidence; and (2) the

1    Administration used correct legal standards.  See Carmickle v.

2    Commissioner, 533 F.3d 1155, 1159 (9th Cir. 2008); Hoopai v. Astrue,

3    499 F.3d 1071, 1074 (9th Cir. 2007); see also Brewes v. Commissioner

4    of Social Sec. Admin., 682 F.3d 1157, 1161 (9th Cir. 2012).

5    Substantial evidence is "such relevant evidence as a reasonable mind

6    might accept as adequate to support a conclusion." Richardson v.

7    Perales, 402 U.S. 389, 401 (1971) (citation and quotations omitted);

8    see Widmark v. Barnhart, 454 F.3d 1063, 1066 (9th Cir. 2006).

9

10                              DISCUSSION

11

12       When an ALJ finds that a claimant's medically determinable

13   impairments reasonably could be expected to cause the symptoms

14   alleged, the ALJ may not discount the claimant's testimony regarding

15   the severity of the symptoms without making "specific, cogent"

16   findings, supported in the record, to justify discounting such

17   testimony.  Lester v. Chater, 81 F.3d 821, 834 (9th Cir. 1995); see

18   also Rashad v. Sullivan, 903 F.2d 1229, 1231 (9th Cir. 1990); Varney

19   v. Secretary, 846 F.2d 581, 584 (9th Cir. 1988).[2]  Generalized,

20   conclusory findings do not suffice.  See Moisa v. Barnhart, 367 F.3d

21   882, 885 (9th Cir. 2004) (the ALJ's credibility findings "must be

22   _____

23         [2]    In the absence of a finding of "malingering," or at
     least evidence of "malingering," most recent Ninth Circuit cases
24   have applied the "clear and convincing" standard.  See, e.g.,
     Ghanim v. Colvin, 763 F.3d 1154, 1163 n.9 (9th Cir. 2014); Molina
25   v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012); Taylor v.
     Commissioner of Social Security Admin., 659 F.3d 1228, 1234 (9th
26   Cir. 2011); Ballard v. Apfel, 2000 WL 1899797, at *2 n.1 (C.D.
     Cal. Dec. 19, 2000) (collecting cases).  In the present case, the
27   ALJ's findings are insufficient under either standard, so the
     distinction between the two standards (if any) is academic.
28

1    sufficiently specific to allow a reviewing court to conclude the ALJ
2    rejected the claimant's testimony on permissible grounds and did not
3    arbitrarily discredit the claimant's testimony") (internal citations
4    and quotations omitted); <u>Holohan v. Massanari</u>, 246 F.3d 1195, 1208
5    (9th Cir. 2001) (the ALJ must "specifically identify the testimony
6    [the ALJ] finds not to be credible and must explain what evidence
7    undermines the testimony"); <u>Smolen v. Chater</u>, 80 F.3d 1273, 1284 (9th
8    Cir. 1996) ("The ALJ must state specifically which symptom testimony
9    is not credible and what facts in the record lead to that
10   conclusion."); <u>see also</u> Social Security Ruling 96-7p.

11

12        In the present case, the ALJ found that Plaintiff's "medically
13   determinable impairment could reasonably be expected to cause the
14   alleged symptoms. . . ." (A.R. 17).  The ALJ discounted the
15   credibility of Plaintiff's testimony regarding the severity of the
16   symptoms for two stated reasons: (1) the "objective [medical] evidence
17   of record"; and (2) the "essentially routine and/or conservative"
18   nature of Plaintiff's medical treatment (A.R. 16-17).  These stated
19   reasons do not suffice on the present record.

20

21        A lack of objective medical evidence to support the alleged
22   severity of a claimant's symptomatology "can be a factor" in rejecting
23   a claimant's credibility, but cannot "form the sole basis." <u>See</u> <u>Burch</u>
24   <u>v. Barnhart</u>, 400 F.3d 676, 681 (2005).  Therefore, the alleged lack of
25   supporting objective medical evidence cannot by itself justify the
26   ALJ's credibility determination in the present case.  <u>See id.</u>
27   ///
28   ///

1    A "conservative" course of treatment may sometimes properly

2  discredit a claimant's allegations of disabling symptoms.  See, e.g.,

3  Parra v. Astrue, 481 F.3d 742, 750-51 (9th Cir. 2007), cert. denied,

4  552 U.S. 1141 (2008) (treatment with over-the-counter pain medication

5  is "conservative treatment" sufficient to discredit a claimant's

6  testimony regarding allegedly disabling pain).  In the present case,

7  however, it is uncertain whether the ALJ accurately characterized

8  Plaintiff's treatment as "essentially routine and/or conservative in

9  nature."  See, e.g., Aguilar v. Colvin, 2014 WL 3557308, at *8 (C.D.

10  Cal. July 18, 2014) ("there is evidence in the record that Plaintiff

11  has been prescribed narcotic pain medications, such as Vicodin . . .

12  It would be difficult to fault Plaintiff for overly conservative

13  treatment when he has been prescribed strong narcotic pain

14  medications"); Brunkalla-Saspa v. Colvin, 2014 WL 1095958, at *1 (C.D.

15  Cal. March 18, 2014) ("[T]he ALJ found that Plaintiff had been

16  conservatively treated with Vicodin. . . .  But Vicodin qualifies as

17  strong medication to alleviate pain") (citations and quotations

18  omitted); Harrison v. Astrue, 2012 WL 527419, at *7 (D. Or. Feb. 16,

19  2012) (nerve blocks and multiple steroid injections "certainly not

20  conservative"); but see Nash v. Astrue, 2012 WL 6700582, at *9 (C.D.

21  Cal. Dec. 21, 2012) (declining to "second guess" the ALJ's

22  characterization as "routine conservative treatment" the prescribing

23  of pain medicine, muscle relaxers and Humira injections for ankylosing

24  spondylitis).

25

26    Regardless of the proper characterization of the treatment

27  Plaintiff has received, the critical question here is whether

28  substantial evidence supports the ALJ's inference that "[t]he lack of

1  more aggressive treatment or surgical intervention suggests
2  [Plaintiff's] symptoms and limitations were not as severe as he
3  alleged" (A.R. 17).  On the present record, this question must be
4  answered in the negative.

5

6      The record does not contain any medical evidence that surgical
7  intervention or other "aggressive" treatment would be an appropriate
8  or effective response to Plaintiff's claimed symptomatology.
9  Plaintiff's treating rheumatologist, who opined that Plaintiff is
10  disabled, has not prescribed surgery or any other treatment Plaintiff
11  has failed to undergo (A.R. 255-56, 348-52).  Neither has any other
12  physician.  "A claimant cannot be discredited for failing to pursue
13  non-conservative treatment options where none exist."  Devee v.
14  Colvin, 2014 WL 4220909, at *11 (D. Or. Aug. 25, 2014); see Condon v.
15  Astrue, 780 F. Supp. 2d 831, 837 (N.D. Iowa 2011) (reasoning that the
16  absence from a lengthy medical record of any recommendation for "more
17  aggressive treatment would seem to suggest no more aggressive
18  treatment options exist").

19

20      Defendant's motion cites an internet article while arguing that
21  "total joint replacement" can sometimes be a "treatment option" for
22  ankylosing spondylitis (Defendant's motion at 9 n.4).  The cited
23  article, which is not part of the administrative record, indicates
24  that "[t]he most commonly replaced joints are the knee and hip."  See
25  www.niams.nih.gov/Health_Info/Ankylosing_spondylitis/.  Plaintiff
26  complains of shortness of breath and restrictions in the movement of
27  his neck, back and hands.  "Total joint replacement" presumably would
28  not be a treatment option for any of these claimed symptoms.  Even if

7

1  this Court could consider evidence outside the administrative record

2  (which it cannot),[3] the cited article provides no substantial evidence

3  that "surgery for [Plaintiff's] back and neck pain" or other "more

4  aggressive treatment" would be an appropriate or effective medical

5  response to Plaintiff's claimed symptoms (A.R. 16-17).  The above-

6  quoted speculation of the ALJ cannot substitute for medical evidence,

7  and the speculation cannot support the inference on which the validity

8  of the ALJ's credibility determination depends.  See Day v.

9  Weinberger, 522 F.2d at 1156 (an ALJ who is not qualified as a medical

10 expert cannot make "his own exploration and assessment as to [the]

11 claimant's physical condition"); see also Rohan v. Chater, 98 F.3d

12 966, 970-71 (7th Cir. 1996) (ALJ may not rely on his or her own lay

13 opinion regarding medical matters); Ferguson v. Schweiker, 765 F.2d

14 31, 37 (3d Cir. 1995) (same); cf. Rudder v. Colvin, 2014 WL 3773565,

15 at *12 (N.D. Ill. July 30, 2014) ("The ALJ may be correct that

16 disabling limitations from multiple sclerosis would result in more

17 frequent treatment or need for medication.  However, the ALJ must

18 include evidence to support such a conclusion in his opinion because

19 he is not qualified, on his own, to make such determinations")

20 (citations and quotations omitted).

21

22     In sum, Plaintiff's failure to receive "more aggressive treatment

23 or surgical intervention" is an insufficient reason for discounting

24 ───────────────

25     [3]   Absent circumstances justifying a "sentence six"
   remand, the District Court is confined to a review of the
26 evidence contained within the administrative record.  See 42
   U.S.C. § 405(g); Mayes v. Massanari, 276 F.3d 453, 461-63 (9th
27 Cir. 2001); cf. Day v. Weinberger, 522 F.2d 1154, 1156 (9th Cir.
   1975) (ALJ should not go outside the record to consult medical
28 textbooks).

1  Plaintiff's credibility.  See Matamoros v. Colvin, 2014 WL 1682062, at
2  *4 (C.D. Cal. April 28, 2014) ("The ALJ cannot fault [the claimant]
3  for failing to pursue non-conservative treatment options if none
4  exist") (citation omitted); Clark v. Astrue, 2013 WL 254065, at *12
5  (D. Ariz. Jan. 23, 2013) ("There is no evidence in the record that
6  Plaintiff was prescribed a TENS unit, cane, walker, wheelchair, or
7  directed to use a heating pad and thus the ALJ's speculation that
8  Plaintiff should have used those or other 'treatment modalities' is
9  not a clear and convincing reason for discounting her credibility");
10 Townson v. Astrue, 2010 WL 2077187, at *15 (D. Kan. 2010) ("[O]n this
11 record, it is speculative for the ALJ to assume that if claimant were
12 as disabled as he claims, his doctors would have ordered more
13 aggressive treatment. . . .  This comment assumes that plaintiff's
14 doctors disbelieved plaintiff's pain complaints, when the record does
15 not show that they did") (citations and quotations omitted).

16

17     Because the circumstances of this case suggest that further
18 administrative review could remedy the ALJ's errors, remand is
19 appropriate.  McLeod v. Astrue, 640 F.3d 881, 888 (9th Cir. 2011); see
20 Connett v. Barnhart, 340 F.3d 871, 876 (9th Cir. 2003) ("Connett")
21 (remand is an option where the ALJ fails to state sufficient reasons
22 for rejecting a claimant's excess symptom testimony); but see Orn v.
23 Astrue, 495 F.3d 625, 640 (9th Cir. 2007) (citing Connett for the
24 proposition that "[w]hen an ALJ's reasons for rejecting the claimant's
25 testimony are legally insufficient and it is clear from the record
26 that the ALJ would be required to determine the claimant disabled if
27 he had credited the claimant's testimony, we remand for a calculation
28 of benefits") (quotations omitted); see also Ghanim v. Colvin, 763

9

1   F.3d at 1166 (remanding for further proceedings where the ALJ failed

2   to state sufficient reasons for deeming a claimant's testimony not

3   credible); Garrison v. Colvin, 759 F.3d 995, 1021 (9th Cir. 2014)

4   (court may "remand for further proceedings, even though all conditions

5   of the credit-as-true rule are satisfied, [when] an evaluation of the

6   record as a whole creates serious doubt that a claimant is, in fact,

7   disabled"); Vasquez v. Astrue, 572 F.3d 586, 600-01 (9th Cir. 2009) (a

8   court need not "credit as true" improperly rejected claimant testimony

9   where there are outstanding issues that must be resolved before a

10  proper disability determination can be made); see generally INS v.

11  Ventura, 537 U.S. 12, 16 (2002) (upon reversal of an administrative

12  determination, the proper course is remand for additional agency

13  investigation or explanation, except in rare circumstances).[4]

14  ///

15  ///

16  ///

17  ///

18  ///

19  ///

20  ///

21  ///

22  ///

23  ///

24  _____

25      [4]    There are outstanding issues that must be resolved
    before a proper disability determination can be made in the

26  present case.  For example, it is not clear whether the ALJ would
    be required to find Plaintiff disabled for the entire claimed

27  period of disability even if Plaintiff's testimony were fully
    credited.  See Luna v. Astrue, 623 F.3d 1032, 1035 (9th Cir.

28  2010).

**CONCLUSION**

For all of the foregoing reasons,[5] Plaintiff's and Defendant's motions for summary judgment are denied and this matter is remanded for further administrative action consistent with this Opinion.

LET JUDGMENT BE ENTERED ACCORDINGLY.


DATED: October 20, 2014.


_____/S/_____
CHARLES F. EICK
UNITED STATES MAGISTRATE JUDGE

---

[5]    The Court has not reached any other issue raised by Plaintiff except insofar as to determine that reversal with a directive for the immediate payment of benefits would not be appropriate at this time.  "[E]valuation of the record as a whole creates serious doubt that [Plaintiff] is in fact disabled." See Garrison v. Colvin, 759 F.3d at 1021.